**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-50931
Summary Calender

RICHARD ARIZPE,

Plaintiff-Appellant,

V.

RODNEY SLATER, Secretary, U.S. Department of Transportation;
FEDERAL AVIATION ADMINISTRATION,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. SA-98-CV-610

June 5, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[1]

This case comes before us on appeal from the district court's grant of summary judgment for defendants on plaintiff's claims of racial discrimination. Plaintiff complains that the court erred in granting summary judgment on his disparate treatment claim, and further erred in ruling that plaintiff had failed to preserve his adverse impact claim for appeal from an EEOC-ALJ hearing. Both of these issues were fully addressed in

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the magistrate judge's excellent report and recommendation to the presiding district judge.  The magistrate's detailed and thoughtful consideration of the case was adopted in full by the district court.  We agree with the magistrate's conclusions as to the merits of plaintiff's Title VII claims in their entirety.  Accordingly, we AFFIRM the court's entry of judgment for the defendants.

Plaintiff also challenges the impartiality of the magistrate judge, asserting that she should have recused herself based on a purported conflict of interest arising from her previous employment.  Plaintiff contends that because the magistrate judge was formerly employed by the United States Attorney's Office, the agency responsible for representing the defendant agency, she could not hear this case impartially.  At no point in the course of the litigation did plaintiff file a motion to recuse.

The district court addressed plaintiff's charge of impartiality in his order accepting the magistrate's recommendation.  The court noted that the magistrate received her appointment on June 8, 1998, a month prior to the initiation of this lawsuit.  Furthermore, the magistrate's government service did not entail work outside of the criminal division of the United States Attorney's Office.  We agree with the district court's determination that plaintiff's charge of impartiality is "just plain silly."

For the reasons set forth above, we AFFIRM.